<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABDUL MALIK,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, *et al.*,<br><br>                Defendants. | Case No. 2:23-cv-16240 (BRM) (JBC)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendant American Bankers Insurance Company of Florida ("American Bankers"). (ECF No. 6.) Plaintiff Abdul Malik ("Plaintiff") filed an opposition (ECF No. 8),[1] and American Bankers filed a reply (ECF No. 13). Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, American Bankers's Motion to Dismiss (ECF No. 6)[2] is **GRANTED**.

---

[1] Plaintiff filed the Complaint when he was proceeding *pro se*. (ECF No. 1-3 at 2–5 (Compl.).) Thereafter, Plaintiff retained counsel and Plaintiff's counsel filed an opposition to the pending Motion. (ECF No. 8.)

[2] Rule 12(d) permits the Court to convert a motion to dismiss under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *see In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 184 F.3d 280, 288 (3d Cir. 1999) (holding that "[t]he

I.   **BACKGROUND**

   A.   **Factual Background**

For purposes of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted).

This is an insurance coverage dispute involving alleged flood damage from Hurricane Ida. (*See generally* ECF No. 1-3 at 2–5.) Plaintiff purchased a Standard Flood Insurance Policy ("SFIP"), policy number 74060842112021 (the "Policy") issued under the National Flood Insurance Program (the "NFIP"),[3] for the period August 12, 2021 to August 12, 2022, from

---

parties can take advantage of this opportunity only if they have 'notice of the conversion'" which is "unambiguous" and "fairly apprise[s] the parties that the court intends to convert the motion") (citing *Rose v. Bartle*, 871 F.2d 331, 340–42 (3d Cir. 1989)). Notably, "[t]he decision whether to convert a motion to dismiss into a [motion for] summary judgment] . . . is a discretionary one." *United States v. Est. of Elson*, 421 F. Supp. 3d 1, 5 (D.N.J. 2019) (citing *Telfair v. Tandy*, No. 08-731, 2009 WL 2132433, at *3 (D.N.J. July 13, 2009)). The Court declines to exercise its discretion to treat this motion as one for summary judgment and will address the pending motion as a motion to dismiss because the parties have not been afforded the opportunity for discovery. *See id.* (declining to convert a motion to dismiss into a motion for summary judgment and noting "summary judgment motions are best considered at the close of fact discovery"); *see also Sosa v. Cnty. of Hudson*, Civ. A. No. 20-0777, 2020 WL 5798761, at *4 (D.N.J. Sept. 28, 2020) (declining to convert a motion to dismiss where "little to no discovery" had been exchanged).

[3] "The [NFIP] is a federally supervised insurance program established by the National Flood Insurance Act of 1968 ("NFIA") and administered by the Federal Emergency Management Agency ("FEMA"), which guarantees and subsidizes flood insurance." *Brusco v. Harleysville Ins. Co.*, Civ. A. No. 14-914, 2014 WL 2916716, at *1 (D.N.J. June 26, 2014) (citing 44 C.F.R. §§ 59–79 (2013)). "The SFIP is a [codified] creature of statute," *Hagstotz v. Nationwide Mut. Ins. Co.*, Civ. A. No. 17-2491, 2018 WL 5005000, at *3, and FEMA requires that "all policies issued under the NFIP must be issued using the terms and conditions of the [SFIP] found in 44 C.F.R. Part 61, Appendix A." *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002) (citing 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c)). FEMA created the Write-Your-Own ("WYO") Program authorizing private insurance companies ("WYO Companies") like American Bankers, to

Defendant GEICO Insurance ("GEICO") and American Bankers for property located at 231 Clendenny Avenue, Jersey City, New Jersey 07304. (*Id.* ¶ 1; Declaration of Shane Roberts (ECF No. 6-2 ("Roberts Decl.")), Ex. A.) There were severe thunderstorms and massive flooding on September 1, 2021 (the "September 2021 Flood"), which resulted in damage to Plaintiff's vehicles, basement, and personal items such as wedding dresses. (ECF No. 1-3 ¶¶ 2–4.) Plaintiff reported the damage to American Bankers on September 2, 2021. (*Id.* ¶ 5.)

An independent adjuster, Michael Freeman, examined the damage on September 14, 2021. (*Id.* ¶ 6.) Plaintiff alleges "Mr. Freeman was a very BIASED, DIRTY MINDED AND UNPROFESSIONAL [individual]. He was not interested in processing/paying the claim and started playing dirty games and tricks." (*Id.* ¶ 8.) Plaintiff contacted Mr. Freeman's supervisor who told Plaintiff to allow Mr. Freeman to "complete the process." (*Id.* ¶ 10.) Plaintiff underwent open heart surgery on November 27, 2021. (*Id.* ¶ 11.) Plaintiff further alleges he "asked Michael Freeman not to give unnecessary stress as [he] had triple BY PASS but the man doesn't have a human heart and didn't bother at all." (*Id.*)

By letter dated November 20, 2021 (the "Denial Letter"), American Bankers advised Plaintiff that it had "determined that you are owed $15,516.58 (building) and $4,414.10 (contents) under your flood insurance policy" but other aspects of his claims were denied as they were not

---

participate in the NFIP and issue SFIPs. 44 C.F.R. §§ 62.23–24. Importantly, "[t]he WYO Companies are bound to adjust claims in accordance with the terms of the SFIP. . . . WYO carriers may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator." *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005) (citations omitted). WYO Companies act as "fiscal agents of the United States." 42 U.S.C. § 4071(a)(1). Further, "[a]lthough WYO companies have the responsibility of defending against claims, FEMA reimburses the WYO companies for the defense costs." *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998).

covered by the Policy.[4] (Roberts Decl., Ex. E.) The Denial Letter also identified the steps necessary to appeal the partial claim denial, including that any suit challenging the full or partial denial of his claims must be filed in a United States District Court within one year of the denial of his claim. (*Id.*) A few months passed and after not hearing anything further about his claim, Plaintiff contacted American Bankers. (*Id.* ¶ 12.) Plaintiff was informed that his claim had been closed and that he needed to submit a request to re-open the claim. (*Id.*) Plaintiff was given the name and contact number for a manager. (*Id.* ¶ 13.) Plaintiff contacted the manager multiple times and left messages, but his claim was not resolved. (*Id.*) Plaintiff never submitted a signed and sworn proof of loss for the damages alleged in the Complaint. (Roberts Decl. ¶ 31; ECF No. 8 at 3; Certification of Abdul Malik (ECF No. 9-2), Ex. 1.)

**B.      Procedural History**

Plaintiff, proceeding *pro se*, filed a Complaint on July 6, 2023 against GEICO and American Bankers in the Superior Court of the State of New Jersey, Hudson County, Law Division. (ECF No. 1-3 at 2–5.) The Complaint is not divided into counts. (*See generally id.*) Instead, Plaintiff alleges "[t]he actions of American Banker's insurance company and its employees were immoral, unethical, unprofessional, and breach of contract." (*Id.* ¶ 16.) Additionally, the Complaint lists two demands: "$100,000.00 for loss of personal property (though [Plaintiff's] loss is more than the coverage)"; and "$1,000,000.00 (one Million Dollars) for

---

[4] The Court considers the Denial Letter as Plaintiff does not dispute its authenticity. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1996 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); *see also Brusco*, 2014 WL 2916716, at *5 (reviewing a WYO company's denial letter attached as an exhibit to a WYO company's motion to dismiss in determining whether plaintiff's claims were barred by the statute of limitations despite the subject complaint's lack of a reference to the denial letter); *Cholankeril v. Selective Ins. Co. of Am.*, Civ. A. No. 15-3269, 2016 WL 3769352, at *2–4 (D.N.J. July 14, 2016) (same).

punitive damages for harassment to a Disabled person." (*Id.* ¶¶ 17–18.)

On August 9, 2023, GEICO filed an Answer and Crossclaims for contribution, common law and contractual indemnification, and insurance coverage/breach of contract. (ECF No. 1-3 at 13–16.) On September 5, 2023, American Bankers removed the matter to this Court on the basis of original jurisdiction over the claims against American Bankers pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331 as well as supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims asserted against GEICO.[5] (ECF No. 1.)

On September 26, 2023, American Bankers filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 6.) On October 11, 2023, Kenneth C. Marano, Esq. filed a notice of appearance as Plaintiff's counsel. (ECF No. 7.) On October 23, 2023, Plaintiff filed an Opposition. (ECF No. 8.) Thereafter, Plaintiff filed a Certification along with exhibits in support of the Opposition on October 25, 2023. (ECF No. 9.) On November 13, 2023, American Bankers filed a Reply. (ECF No. 13.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[5] GEICO consented to the removal of this matter. (ECF No. 1 ¶ 19.)

5

action will not do." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss:

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller*, 184 F.3d at 287.

### III.   DECISION

#### A.   Statute Of Limitations

American Bankers argues the Complaint should be dismissed because Plaintiff failed to file the Complaint within one year of the partial denial of his claim thereby violating the applicable statute of limitations. (ECF No. 6-1 at 12–17; ECF No. 13 at 3–9.) American Bankers asserts the Denial Letter started the one-year statute of limitations period for Plaintiff to bring this action in this District. (ECF No. 6-1 at 14; ECF No. 13 at 4–5.) American Bankers submits that separate denials of Plaintiff's claim arising from the September 2021 Flood do not constitute separate claims permitting a later triggering date for the statute of limitations. (ECF No. 6-1 at 16; ECF No. 13 at 5–8.)

In opposition, Plaintiff argues his claim from the September 2021 Flood "was handled in three parts" and thus represents three separate claims. (ECF No. 8 at 3.) Plaintiff contends American Bankers denial of Plaintiff's third claim, seeking payment of damage to personal items,

did not occur until January 2023. (*Id.*) Plaintiff therefore submits the Complaint was filed within the one-year statute of limitations. (*Id.*)

> SFIPs include a provision entitled "Suit Against Us" which provides as follows:
>
>> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all **or part** of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. Pt. 61, App. A(1), Art. VII(O) (emphasis added). The NFIA similarly requires that lawsuits against the FEMA administrator must be filed "within one year after the date of mailing of notice of disallowance or **partial disallowance** by the [FEMA] Administrator." 42 U.S.C. § 4072 (emphasis added). The one-year statute of limitations in § 4072 applies to lawsuits filed against a WYO company. *See Brusco*, 2014 WL 2916716, at *4; *see also Van Holt*, 163 F.3d at 166 ("For several reasons, a suit against a WYO company is the functional equivalent of a suit against FEMA.").

The Court finds that the Denial Letter dated November 20, 2021, constituted a partial denial of Plaintiff's claim for damage arising from the September 2021 Flood and started the one-year statute of limitations for Plaintiff to bring this action to challenge the denial. Plaintiff's argument that a subsequent denial of Plaintiff's claim starts the tolling of the statute of limitations is unavailing. *See Lionheart Holding GRP v. Phila. Contribution Ship Ins. Co.*, 368 F. App'x 282, 285 (3d Cir. 2010) (finding that a partial denial letter commenced the one-year statute of limitations and noting "[i]t is therefore irrelevant whether [the policyholder] filed a single claim or separate claims for each building. Each claim sought benefits for damages arising from a single flooding

event under a single [SFIP]"); *see also McInnis v. Liberty Mut. Fire Ins. Co.*, Civ. A. No. 22-30022, 2022 WL 4594609, at *2 (5th Cir. Sept. 30, 2022) ("A policyholder has only one claim from a flood event regardless of the number of proofs of loss and amount of documentation the policyholder may submit in support of that claim."); *Hakim Int'l Trading v. Standard Fire Ins. Co.*, Civ. A. No. 17-02874, 2021 WL 5578830, at *5 (D.N.J. Nov. 30, 2021) (holding "the SFIP's one year statute of limitations provision . . . could not be 're-started' thereafter unless FEMA, 'expressly and in writing,' purported to waive or otherwise set aside [the policyholder's] previous denials of coverage").

Based on the foregoing, the Court finds the Complaint, which seeks damages arising from a single flooding event (the September 2021 Flood), is barred by the SFIP and the NFIA's statute of limitations because Plaintiff received the Denial Letter on November 20, 2021 and did not file suit until July 6, 2023. Furthermore, the Complaint was not before this District, as required by the SFIP and the NFIA, until American Bankers removed the matter on September 5, 2023.

**B.      Proof Of Loss**

American Bankers asserts the Complaint should also be dismissed because Plaintiff failed to submit a signed and sworn proof of loss for the amount he is seeking as mandated by the NFIP. (ECF No. 6-1 at 18–22.) American Bankers contends a policyholder is not allowed to sue a WYO Company under an SFIP unless the policyholder first complies with the notice and proof of loss requirement. (*Id.* at 19.) American Bankers argues "federal laws preclude[] American Bankers from disbursing federal funds to an SFIP-insured who did not comply with the governing statutory prerequisites." (*Id.* at 22.)

In opposition, Plaintiff submits "[t]he fact that [the Proof of Loss] was not sworn to does [not] rest on his shoulders but that of the Defendants since they requested proof and didn't provide

9

some sort of loss Form with certification." (ECF No. 8 at 3.) Plaintiff reiterates he was never given "any official proof of loss form to sign." (*Id.*)

In reply, American Bankers notes Plaintiff admits he did not submit a signed and sworn proof of loss. (ECF No. 13 at 9.) American Bankers further asserts policyholders are solely responsible for submitting all required documentation to sustain their claim. (*Id.*)

SFIPs also include a provision entitled "Requirements in Case of Loss" which requires the policyholder to submit a proof of loss within 60 days after the loss "which is [the policyholder's] statement of the amount [the policyholder is] claiming under the policy signed and sworn to by [the policyholder]." 44 C.F.R. Pt. 61, App. A(1), Art. VII(G)(4). The Third Circuit has held "[b]ecause any claim paid by a WYO Company is a direct charge to the United States Treasury, strict adherence to the conditions precedent to payment is required." *Suopys*, 404 F.3d at 809 (citations omitted). Indeed, "exacting compliance with the terms of a federal insurance program is a prerequisite to recovery of insurance proceeds from public coffers." *Admiralty Condo. Ass'n, Inc. v. Director, FEMA*, 594 F. App'x 738, 741 (3d Cir. 2014).

Here, it is undisputed that Plaintiff has not complied with the SFIP's signed and sworn proof of loss requirement for flood insurance claims. Accordingly, the Complaint fails on these grounds as well because the "onus" is on Plaintiff to provide a signed and sworn proof of loss. *See Suopys*, 404 F.3d at 810–11 (holding "strict adherence to SFIP proof of loss provisions . . . is a prerequisite to recovery under the SFIP" and noting "[t]he SFIP places the onus on the insured to file the proof of loss within 60 days regardless of the representations and assistance, or lack thereof, provided by the insurer or its adjuster"); *see also Hagstotz*, 2018 WL 5005000, at *4 (finding the policyholders' failure to submit a signed and sworn proof of loss to the insurer "precludes them from recovering for damages under the SFIP"); *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F.

Supp. 2d 523, 526 n.1 (D.N.J. 2000) ("This court notes that [the policyholder's] repeated claims of ignorance regarding the proof of loss statement requirement do not benefit plaintiffs' position. [SFIP] Art. 10 § (O)(6) explicitly states that the Insured is obliged to complete a proof of loss form even if the Insurer's adjuster does not furnish the form or help the Insured complete it."); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998) (holding "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim").

IV.   **CONCLUSION**

For the reasons set forth above, American Bankers's Motion to Dismiss (ECF No. 6) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1-3) is **DISMISSED WITHOUT PREJUDICE** as to American Bankers.[6] Plaintiff may, within thirty (30) days of the date of this Opinion, file an amended complaint curing the deficiencies addressed herein. American Bankers and GEICO may respond to the amended complaint, if filed, as appropriate and consistent with applicable federal and local rules. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  April 16, 2024

---

[6] Plaintiff requests leave to amend the Complaint. (ECF No. 8 at 2.) American Bankers asserts the Complaint should be dismissed with prejudice because amendment would be futile. (ECF No. 13 at 12–13.) Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (citation omitted). Given that this is the first motion to dismiss the Court has addressed, the Court will grant Plaintiff's request for leave to amend. *See Habayeb v. Butler*, Civ. A. No. 15-5107, 2016 WL 1242763, at *5–8 (D.N.J. Mar. 29, 2016) (granting plaintiff leave to amend complaint on counts dismissed without prejudice without separate motion to amend under Fed. R. Civ. P. 15(a)(2)).