**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL MALIK,  <br><br>     Plaintiff,  <br><br>  v.  <br><br> GEICO INSURANCE and AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,  <br><br>     Defendants. | Case No. 2:23-cv-16240 (BRM) (JBC)  <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Abdul Malik's ("Malik") Motion to Vacate three Court Orders.[1] (ECF No. 34.) First, Malik moves to vacate the Court's Order dated April 16, 2024 (the "April 16, 2024 Order") granting Defendant American Bankers Insurance Co. of Florida's ("American Bankers") motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) (ECF No. 6) and dismissing the Complaint without prejudice as to American Bankers for

---

[1] Malik's Motion to Vacate only requests the Court vacate the April 22, 2025 Order specifically. (*See generally* ECF No. 34.) The motion mentions neither the April 16, 2024 Order nor the May 17, 2024 Order. (*See generally id.*) However, the substance of the motion primarily addresses the bases for dismissal of the Complaint as to American Bankers, *i.e.*, the failure to file within time under the applicable statute of limitations and the failure to file the required sworn proof of loss. (*Compare* ECF No. 14 at 7–11, *with* ECF No. 34-1 at 2 (stating the "[l]aw [s]uit was filed in July of 2023 and the Defendants['] denial of th[e] [subject] claim only came on January 2023 . . . hence [the] suit was filed well within one year" and Malik "provided [the] proof of loss (C #10) in the manner requested and within 6 months. The fact that it was not sworn to does [not] rest on my shoulders but that of the Defendants . . . .").) Accordingly, the Court construes the *pro se* motion to request vacating the April 16, 2024 Order, the May 17, 2024 Order, and the April 22, 2025 Order. *See United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) (requiring the Court to "liberally construe *pro se* filings with an eye toward their substance rather than their form").

failing to state a claim pursuant to Rule 60(b)(2) (ECF No. 15). Second, Malik moves to vacate the Court's Order dated May 17, 2024 (the "May 17, 2024 Order") dismissing the Complaint with prejudice as to American Bankers for failing to amend the Complaint within the time period proscribed pursuant to Rule 60(b)(2). (ECF No. 16.) Third, Malik moves to vacate the Court's Order dated April 22, 2025 (the "April 22, 2025 Order") dismissing the Complaint with prejudice as to Defendant GEICO Insurance ("GEICO") pursuant to Rule 41(b) for failing to participate pursuant to Rule 60(b)(1). (ECF No. 28.) Both American Bankers and GEICO (collectively, "Defendants") filed Oppositions (ECF Nos. 41, 42), and Malik filed a Reply (ECF No. 44). This Court has jurisdiction pursuant to 42 U.S.C. §§ 1331, 4072 and 42 U.S.C. § 1367. Having reviewed and considered the parties' submissions filed in connection with the motion and having declined to hold oral argument in accordance with Rule 78(b), for the reasons set forth below and for good cause shown, Malik's Motion to Vacate is **DENIED**.

## I.  BACKGROUND

### A.  Factual Background

This is an insurance coverage dispute involving alleged flood damage caused by severe thunderstorms and massive flooding on September 1, 2021. (*See generally* ECF No. 1-3 at 2–5.) Prior to the flood event, Malik purchased a Standard Flood Insurance Policy ("SFIP"), policy number 74060842112021 (the "Policy"), issued under the National Flood Insurance Program (the "NFIP") for the policy period of August 12, 2021 to August 12, 2022.[2] (*Id.*) The Policy was underwritten by American Bankers and purchased from GEICO. (ECF No. 34-3 ¶¶ 5–7.)

---

[2] "The [NFIP] is a federally supervised insurance program established by the National Flood Insurance Act of 1968 ('NFIA') and administered by the Federal Emergency Management Agency ('FEMA'), which guarantees and subsidizes flood insurance." *Brusco v. Harleysville Ins. Co.*, Civ. A. No. 14-914, 2014 WL 2916716, at *1 (D.N.J. June 26, 2014) (citing 44 C.F.R. §§ 59–79 (2013)). "The SFIP is a [codified] creature of statute," *Hagstotz v. Nationwide Mut. Ins. Co.*, Civ.

2

Following the flood event, Malik promptly reported the incident to American Bankers. (ECF No. 1 at 3; ECF No. 6-2 at 32.) An independent adjuster examined the damage on September 14, 2021. (ECF No. 1 at 3.) On November 20, 2021, American Bankers issued a partial claim denial letter stating Malik was entitled only to coverage totaling $19,930.68 for damage to his building and contents (the "Denial Letter"). (*See* ECF No. 34 at 2; *accord* ECF No. 6-2 at 41–44.) The Denial Letter explained Malik had a right to challenge the denial of total coverage, including by lawsuit, and identified the steps necessary for same. (*See* ECF No. 6-2 at 41–44.) Specifically, the Denial Letter stated any suit challenging the denial of total coverage must be filed in the United States District Court for the District of New Jersey "within one (1) year of when [American Bankers] first denied all or part of [the] claim." (*Id.* at 43.) Malik subsequently provided photographs of additional content he believed should be covered, including clothing and shoes. (*See id.* at 46–47.) On March 15, 2022, American Bankers issued a second denial letter stating Malik was entitled to partial coverage totaling $2,494.89 for the additional content. (*See* ECF No. 34 at 2; *accord* ECF No. 6-2 at 51–52.)

Neither denial letter included coverage for damage to Malik's custom-ordered wedding dresses and related clothing, which is the subject of this action. (*See* ECF No. 1 at 3–5; ECF No.

---

A. No. 17-2491, 2018 WL 5005000, at *3 (D.N.J. Oct. 16, 2018), and FEMA requires that "all policies issued under the NFIP must be issued using the terms and conditions of the [SFIP] found in 44 C.F.R. Part 61, Appendix A." *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002) (citing 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c)). FEMA created the Write-Your-Own ("WYO") Program authorizing private insurance companies ("WYO Companies"), like American Bankers, to participate in the NFIP and issue SFIPs. 44 C.F.R. §§ 62.23–24. Importantly, "[t]he WYO Companies are bound to adjust claims in accordance with the terms of the SFIP. . . . WYO carriers may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator." *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005). WYO Companies act as "fiscal agents of the United States." 42 U.S.C. § 4071(a)(1). Further, "[a]lthough WYO companies have the responsibility of defending against claims, FEMA reimburses the WYO companies for the defense costs." *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998).

3

34-1 at 2; ECF No. 34-3 ¶¶ 15–21.) In January 2023, Malik was informed his claim for coverage for the custom-ordered wedding dresses and related clothing had been closed. (ECF No. 1 at 4; ECF No. 34-1 at 2–3.) On January 30, 2023, Malik issued a letter to American Bankers requesting coverage, otherwise a suit challenging the determination would be filed. (ECF No. 1 at 4.)

### B. Procedural History

Malik, proceeding *pro se*, filed the Complaint in the Superior Court of the State of New Jersey, Hudson County, Law Division on July 6, 2023. (ECF No. 1-3 at 2–5.) On August 9, 2023, GEICO filed an Answer and Crossclaims for contribution, common law and contractual indemnification, and insurance coverage/breach of contract. (*Id.* at 13–16.) On September 5, 2023, American Bankers removed the matter to this Court based on original jurisdiction over the claims against American Bankers pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072, as well as supplemental jurisdiction over the claims against GEICO pursuant to 28 U.S.C. § 1367. (ECF No. 1.)

On September 26, 2023, American Bankers filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6).[3] (ECF No. 6.) On October 11, 2023, Kenneth C. Marano, Esq. ("Mr. Marano") filed a notice of appearance as Malik's counsel. (ECF No. 7.) Malik filed an opposition on October 23, 2023 (ECF No. 8; *see also* ECF No. 9 (filing the certification with exhibits in support of the opposition on October 25, 2023)); and American Bankers filed a reply on November 13, 2023 (ECF No. 13).

On April 16, 2024, the Court granted the motion and dismissed the Complaint for failing to state a claim against American Bankers without prejudice. (ECF Nos. 14, 15.) Specifically, the

---

[3] American Bankers alternatively moved for summary judgment pursuant to Rule 56. (*See* ECF No. 6.)

4

Court held the Complaint had been filed outside the one-year statute of limitations under the SFIP and/or the NFIP (*see* ECF No. 14 at 7–9 (citing 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. VII(O))); and the claim for damage to custom-ordered wedding dresses and related clothing had been filed without a sworn proof of loss in violation of the NFIP (*id.* at 9–11). The April 16, 2024 Order granted Malik thirty days to file an amended pleading curing the deficiencies addressed and stated "failure to do so will result in dismissal with prejudice." (ECF No. 15 (emphasis added).) Malik, however, failed to amend his pleading within the time period proscribed and, as such, the Court entered an order dismissing the Complaint against American Bankers with prejudice on May 17, 2024. (ECF No. 16.)

On May 22, 2024, the Honorable James B. Clark, III, U.S.M.J., scheduled a status conference for July 25, 2024 (ECF No. 17), which was rescheduled four times (*see* ECF Nos. 18, 19, 20, 22). The status conference was twice rescheduled due to Mr. Marano's failure to appear. (*See* ECF Nos. 19, 20 (failing to appear at the status conferences scheduled for August 1 and 20, 2024).)

On September 11, 2024, Mr. Marano appeared at the status conference, during which Judge Clark ordered the following: discovery demands were to be served by October 31, 2024; responses to discovery demands were to be served by December 2, 2024; and fact depositions were to be concluded by February 28, 2025. (ECF No. 23 ¶¶ 2–4.) Furthermore, any unresolved discovery disputes were to be filed by December 16, 2024. (*Id.* ¶ 7.) A follow-up conference call was scheduled for January 2, 2025. (*Id.* ¶ 10.) Following the status conference, however, neither Malik nor Mr. Marano served discovery demands or responded to GEICO's discovery demands. (*See* ECF No. 25.)

5

On January 2, 2025, Mr. Marano failed to appear at the follow-up status conference. (*See* ECF No. 24.) The same day, Judge Clark *sua sponte* entered an Order to Show Cause requesting a written statement outlining why the matter should not be dismissed for failure to participate and requiring both Malik and Mr. Marano to appear in person on February 10, 2025 (the "January 2, 2025 Order to Show Cause"). (*Id.*) Judge Clark warned "should [Malik] and [Mr. Marano] fail to appear at the aforementioned Order to Show Cause hearing[,] . . . [he] may recommend dismissal of Malik's claims without further notice." (*Id.*)

On February 10, 2025, Judge Clark held the Order to Show Cause hearing, but neither Malik nor Mr. Marano appeared. (*See* ECF No. 27 at 3.) On March 25, 2025, Judge Clark entered a report and recommendation, which recommended the Court dismiss the Complaint for failure to participate under the six *Poulis* factors.[4] (*See generally id.*) Although Malik was provided the opportunity to object to the Report and Recommendation, no objection was filed. (*See* ECF No. 28.) On April 22, 2025, the Court adopted the Report and Recommendation in its entirety and dismissed the Complaint with prejudice as to GEICO pursuant to Rule 41(b), constituting a final order. (*Id.*)

On July 29, 2025, Malik allegedly learned for the first time of the January 2, 2025 Order to Show Cause and the April 22, 2025 Order. (*See* ECF No. 29.) The same day, Malik filed a

---

[4] In *Poulis v. State Farm Cas. Co.*, the Third Circuit identified the following six factors the Court should balance to decide whether to enter an order dismissing a pleading for failure to participate:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

747 F.2d 863, 868 (3d Cir. 1984).

correspondence requesting the Court to vacate the April 22, 2025 Order claiming Mr. Marano had not notified him of the January 2, 2025 Order to Show Cause or the April 22, 2025 Order. (*See id.*) Malik also requested to proceed in the matter *pro se* as Mr. Marano's license had been suspended and had closed his practice. (*Id.*; *see also* ECF No. 34-4 ¶¶ 12–14.) In response, the Court ordered both American Bankers and GEICO to respond to the request to vacate the April 22, 2025 Order. (ECF No. 30.) American Bankers filed a response on August 13, 2025 (ECF No. 31); GEICO did not file a response. On August 14, 2025, the Court entered a Letter Order denying the informal request to vacate the April 22, 2025 Order at the time and ordering Malik to file a formal motion to vacate same pursuant to Rule 60(b) (the "August 14, 2025 Letter Order"). (ECF No. 32.)

On September 29, 2025, Malik filed the Motion to Vacate pursuant to Rule 60(b). (ECF No. 34.) Defendants filed their respective Oppositions on October 23, 2025.[5] (ECF Nos. 41, 42.) On November 17, 2025, Malik filed his Reply. (ECF No. 44.)

## II.    LEGAL STANDARD

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[5] The August 14, 2025 Letter Order required Defendants to file their respective oppositions by October 6, 2025. (*See* ECF No. 32.) The Court subsequently adjourned the due date to October 23, 2025. (*See* ECF Nos. 39, 40. *But see* ECF No. 43 (claiming the Oppositions were untimely filed).)

7

Fed. R. Civ. P. 60(b). Accordingly, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). This is because "[t]he remedy provided by Rule 60(b) is extraordinary." *Jones v. Citigroup, Inc.*, Civ. A. No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the V.I.*, 822 F.3d 1342, 1346 (3d Cir. 1977)).

In particular, "[t]he standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (internal quotation marks omitted). Further, relief from a judgment under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). Finally, Rule 60(b) motions do not provide avenues for re-litigating already decided issues. *See Smith*, 853 F.2d at 158; *see also P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

### III.    DECISION

Malik moves to vacate the April 16, 2024 Order and May 17, 2024 Order dismissing the Complaint as to American Bankers based on newly discovered evidence pursuant to Rule 60(b)(2); and the April 22, 2025 Order dismissing the Complaint as to GEICO based on excusable neglect under Rule 60(b)(1). (*See generally* ECF Nos. 34, 44.) The Court addresses each in turn.

### A. The April 16, 2024 Order & May 17, 2024 Order

Malik moves to vacate the April 16, 2024 Order and May 17, 2024 Order based on newly discovered evidence pursuant to Rule 60(b)(2). (*See* ECF No. 34-1 at 2–3 ("[M]y [m]otion is being brought under [60(b)](1) and/or (2) . . . .").) In response, American Bankers argues the motion was untimely filed and, as such, should be denied as time barred.[6] (*See* ECF No. 42 at 8–9.) Although both Malik and American Bankers agree a motion to vacate a final order must be filed within one year of the entry of the order under Rule 60(c)(1), the parties contest whether the May 17, 2024 Order or the April 22, 2025 Order constitutes the final order triggering the time period to file a motion to vacate under Rule 60(c)(1).

Pursuant to Rules 59(e) and 60(c), a motion to vacate a final judgment or order must be filed: (a) within twenty-eight days after entry if based on a legal error,[7] *see* Fed. R. Civ. P. 59(e); (b) within a reasonable time up to one year after entry if based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct, *see* Fed. R. Civ. P. 60(b)(1), (2), (3), (c)(1); or (c) within a reasonable time after entry for "any other reason

---

[6] GEICO does not argue the Motion to Vacate the April 22, 2025 Order was untimely (*see generally* ECF No. 41) and, as such, waives any defense based on the timeliness of the motion. *See Lazar v. Little*, 623 F. Supp. 3d 518, 524 (E.D. Pa. 2022) (citing *In re Cook Med., Inc.*, 27 F.4th 539, 542–43 (7th Cir. 2022); *Penney v. United States*, 870 F.3d 459, 462 (6th Cir. 2017); *United States v. McRae*, 793 F.3d 392, 401 (4th Cir. 2015)).

[7] "A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal quotation marks omitted). *But see Holiday Vill. E. Home Owners Ass'n, Inc. v. QBE Ins. Corp.*, 830 F. Supp. 2d 28, 29 (D.N.J. 2012) (stating a Rule 59(e) motion may vacate an order based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice" (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010))).

9

that justifies relief,"[8] *see* Fed. R. Civ. P. 60(b)(6), (c)(1); *see also Walker v. Astrue*, 593 F.3d 274, 279 (3d Cir. 2010) (explaining the court will construe a motion to vacate under Rule 59(e) following twenty-eight days after entry as a motion under Rule 60(b)). The Court does not have the authority to extend the time to file a motion to vacate under either Rule 59(e) or 60(b). *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *accord Diallo v. Cap. One NA*, Civ. A. No. 25-2258, 2025 WL 3110788, at *1 (3d Cir. Nov. 6, 2025).

Both Rule 59(e) and Rule 60(b) apply only to *final* judgments, orders, and proceedings. *See Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 123 (3d Cir. 2004) ("[T]he underlying order in the district court is purely interlocutory and, thus, not within the scope of Rule 60(b), which applies only to 'final' judgments and orders." (quoting *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997)); *Mitchell v. Twp. of Willingboro Mun. Gov't*, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) ("Because no final judgment has been entered in this action pursuant to Rule 54(b), the provisions of Rule 59 . . . are inapplicable here."); *MirTech, Inc. v. AgroFresh, Inc.*, No. 23-2752, 2024 WL 3898612, at *4 (3d Cir. Aug. 22, 2024) ("Motions under both Rule 60(b) and Rule 59(e) both require a final judgment or order."); *see also Mitchell*, 913 F. Supp. 2d at 78 ("The proper procedural mechanism for reconsideration of [an] interlocutory order is Local Civil Rule 7.1(i)."). "[A] final judgment or order is one that conclusively determines the rights of parties to the litigation, leaving 'nothing for the court to do but execute the judgment.'" *United States v. Sciarra*, 851 F.2d 621, 627 (3d Cir. 1988) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). It is well-established, in a multi-party litigation, an order determining the rights as to some but not all of the parties to

---

[8] Rules 60(b)(4) and (5) also permit a party to file a motion to vacate within a reasonable time after entry if the judgment is void or has been satisfied, released, or discharged. Fed. R. Civ. P. 60(b)(4), (5).

10

the litigation is an interlocutory order unless the Court certifies there is no just reason to delay and expressly directs entry of a final judgment pursuant to Rule 54(b).[9] *See Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697, 702 (3d Cir.1988) ("Without this certification, a district court order will not be considered final.").

However, although Rule 60(c)(1) *permits* a party to file a motion to vacate under Rule 60(b)(1), (2), or (3) within one year after entry of an order, the rule *requires* the motion to be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). It is well-established the "one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." *Jones v. Ridgefield N.J. Loc. Police Dep't*, Civ. A. No. 23-21260, 2025 WL 885688, at *2 (D.N.J. Mar. 21, 2025) (quoting *Den*

---

[9] "[Rule] 54(b) provides a mechanism for rendering a partial final judgment as to some, but not all, parties or claims in a single action." *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005). "A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7-8 (1980)); *see also Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (holding relief under Rule 54(b) is "the exception, not the rule, to the usual course of proceedings in a district court"). The Third Circuit has instructed the courts to consider five factors when assessing whether there exists a just reasons for delay:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and]
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*NRA Grp., LLC v. Durenleau*, 154 F.4th 153, 164 (3d Cir. 2025) (quoting *Berckeley Inv. Grp.*, 455 F.3d at 203).

*Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, Civ. A. No. 07-1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008)); *see also In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.* (*In re Diet Drugs*), 383 F. App'x 242, 246 (3d Cir. 2010) (stating motions under Rule 60(b)(1), (2), and (3) "are untimely per se if made more than one year from the date of the entry of the order or judgment" and, as such, "must be brought within one year of the entry of judgment to be timely, but even if they are, they may still be untimely if an unreasonable period of time has passed"). "What constitutes a 'reasonable time' depends on the circumstances of each case," requiring "[the] court [to] consider[] many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *In re Diet Drugs*, 383 F. App'x at 246; *see also, e.g.*, *Jones*, 2025 WL 885688, at *2 (holding nine-month delay unreasonable); *Smith v. Ruzzo*, Civ. A. No. 07-0450, 2009 WL 349162, at *2 (D.N.J. Feb. 9, 2009) (holding eight-month delay unreasonable).

Here, the Motion to Vacate the April 16, 2024 Order and May 17, 2024 Order is timely *procedurally*—filed within one year after entry of the final order—but untimely *substantively*—filed within a reasonable time—under Rule 60(b). The May 17, 2024 Order dismissing the claims against American Bankers was entered absent a certification pursuant to Rule 54(b). (*See generally* ECF No. 16.) Following the entry of the May 17, 2024 Order, American Bankers neither moved for nor sought to obtain a Rule 54(b) certification. Absent same, the May 17, 2024 Order was not a final order. *See, e.g.*, *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (holding order dismissing "not all of the defendants—was not a final order"); *AT & T Credit Corp. v. Transglobal Telecom All., Inc.*, 966 F. Supp. 299, 304 (D.N.J. 1997), *aff'd sub nom.*, 261 F.3d 490 (3d Cir. 2001) ("[A] court may enter summary judgment on fewer than all the claims in a multi-claim or multi-party action. Such an entry of summary judgment, however, is interlocutory

12

and does not terminate the action as to the particular claim ruled upon or the particular party affected by the ruling."). Therefore, the April 22, 2025 Order dismissing the remaining claims was the final order, which triggered the time period to file a motion to vacate under either Rule 59(e) or 60(b). Accordingly, the Motion to Vacate is *procedurally* timely and, as such, Malik is not time barred from moving to vacate the motion.

However, Malik provides little to no explanation for his delay in requesting the Court to vacate the April 16, 2024 Order or the May 17, 2024 Order until September 29, 2025. Although Malik could not have moved to vacate either the April 16, 2024 Order or the May 17, 2024 Order prior to the entry of the final order under Rules 59(e) or 60(b), he could still have moved to vacate same under Local Civil Rule 7.1. *See Mitchell*, 913 F. Supp. 2d at 78. Following the entry of the April 16, 2024 Order, Malik claims he met with Mr. Marano and made a conscious decision not to amend the Complaint as it would be futile based on the applicable statute of limitations. (ECF No. 34-2 ¶ 4.) Malik subsequently checked with a meteorological service and allegedly discovered the flood damage was not caused by Hurricane Ida but rather by an unusual heavy downpour resulting in the sewer systems overflowing, which Malik believed circumvented the applicable statute of limitations. (*Id.* ¶ 4.) However, Malik again met with Mr. Marano and decided not to file a motion to vacate based on the newly discovered evidence due, in part, to "the drain on [Malik's] financial resources." (*Id.* ¶ 4.) Although the record does not establish the date in which Malik met with Mr. Marano and decided not to file the motion to vacate, the record suggests the decision occurred prior to the suspension of Mr. Marano's license and closure of his practice. (*See* ECF No. 29 (stating counsel was unaware an order to show cause had been filed); ECF No. 24 (entering order to show cause on January 2, 2025). *But see* ECF No. 25 (indicating counsel stopped responding after September 11, 2024).) As the decision not to file the motion to vacate promptly

13

upon discovering the new evidence was a free and conscious decision pertaining to the conduct of the litigation, "[Malik] cannot be granted relief under Rule 60(b)[] from the consequences of that decision." *Bell Tel. Lab'ys, Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16, 21 (D. Del. 1976); *see also E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 529 (11th Cir. 1990) (holding Rule 60(b) motion was not filed within a reasonable time when the delay in filing same was based on the conscious decision to delay filing). Accordingly, the Motion to Vacate is *substantively* untimely as it was not filed within a reasonable time of the entry of either the April 16, 2024 Order or the May 17, 2024 Order.[10]

---

[10] Even if the Motion to Vacate the May 17, 2024 Order was substantively timely, Plaintiff cannot establish the May 17, 2024 Order should be vacated based on newly discovered evidence under Rule 60(b)(2). Pursuant to Rule 60(b)(2), the Court may relieve a party from a final judgment based on a finding of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *See also* Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."). The standard for granting relief based on newly discovered evidence is the same whether sought under Rule 59 or 60(b)(2). *See Compass Tech., Inc. v. Tseng Lab'ys, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995). The party moving to reopen a matter following a final judgment or order bears the heavy burden to show the newly discovered evidence: "(1) is material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the [matter]." *Colyer v. Consol. Rail Corp.*, 114 F. App'x 473, 480–81 (3d Cir. 2004) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)). Relief should be granted under Rule 60(b)(6) "only where extraordinary justifying circumstances are present." *Id.* (quoting *Bohus*, 950 F.2d at 930).

Here, Plaintiff claims the matter should be reopened due to the following newly discovered evidence: the flood damage was not caused by Hurricane Ida but rather by an unusual heavy downpour resulting in the sewer systems overflowing. (*See* ECF No. 34 at 2–3.) First, Plaintiff has failed to show the alleged meteorological service could not have been accessed prior to the entry of the order. (*See generally id.*) Furthermore, Plaintiff cannot demonstrate the alleged meteorological information would have probably changed the outcome of the matter as he cannot argue his claims for flood damages fall within coverage under the SFIP but outside the applicable statute of limitations under the NFIA. Importantly, the sole policy at issue in this matter is a SFIP, which Plaintiff does not deny. (*See* ECF No. 34-3 ¶¶ 4–7.) A SFIP, "and all disputes arising from the handling of any claim under the [SFIP,] are governed by the flood insurance regulations promulgated by FEMA, the [NFIA], and federal common law" *Suopys*, 404 F.3d at 807 (internal citations omitted). Both the SFIP and NFIA require a lawsuit arising out of a claim under the SFIP to be filed "within one year after the date of the written denial of all or part of the claim." 44 C.F.R.

14

Based on the foregoing, Malik's Motion to Vacate the April 16, 2024 Order and May 17, 2024 Order dismissing the Complaint as to American Bankers based on newly discovered evidence under Rule 60(b)(2) is **DENIED**.

B.     The April 22, 2025 Order

Malik moves to vacate the April 22, 2025 Order based on excusable neglect pursuant to Rule 60(b)(1). (*See* ECF No. 34-1 at 2–3 ("[M]y [m]otion is being brought under [60(b)](1) and/or (2) . . . .").) Specifically, Malik argues his neglect was excusable as Mr. Marano had closed his practice "due to personal and health reasons" without notifying him.[11] (ECF No. 34-4 ¶¶ 12–14; *accord* ECF No. 34-1 at 3; ECF No. 34-2 ¶¶ 4–5.) In response, GEICO argues the order was appropriately determined and should not be vacated.[12] (*See generally* ECF No. 41.)

---

Pt. 61, App. A(1), Art. VII(O); *see also* 42 U.S.C. § 4072 (requiring a lawsuit to be filed "within one year after the date of mailing of notice of disallowance or partial disallowance by the [FEMA] Administrator"). This statute of limitations "is governed by federal law and cannot be altered or waived by defense counsel." *Lionheart Holding GRP v. Phila Contribution Ship Ins. Co.*, 368 F. App'x 282, 285 (3d Cir. 2010) (citing 44 C.F.R. § 61.13(d)). Therefore, regardless of whether the flood damage was caused by Hurricane Ida or an unusual heavy downpour resulting in the sewer systems overflowing, either: (a) the claims asserted are within coverage under the SFIP but are barred under the applicable statute of limitations, *see* 44 C.F.R. Pt. 61, App. A(1), Art. VII(O); or (b) the claims are not barred under the statute of limitations but are not within coverage under the SFIP, *see* 44 C.F.R. § Pt. 61, App. A(1), Art. III, IV, V.

[11] Both Plaintiff and Mr. Marano also reference Plaintiff's health conditions in support of the excusable neglect argument. (*See* ECF No. 34-1 at 3; ECF No. 34-2 ¶ 4.) Although the record establishes Plaintiff has undergone surgeries on his heart, shoulders, and spine (*see* ECF No. 44 at 5 ¶ 3), Plaintiff fails to explain how his health conditions prevented him from either complying with the September 11, 2024 Scheduling Order or responding to the January 2, 2025 Order to Show Cause (*see generally* ECF Nos. 34, 44).

[12] Specifically, GEICO argues excusable neglect should not apply as Mr. Marano admits to meeting with Plaintiff following the issuance of the order in April. (*See* ECF No. 41 at 4–5 (citing ECF No. 34-2 ¶ 4 ("April [sic] the Courts' Decision we met and decided there was no utility in amending the Complaint based on the Federal Statute which was relied on.")).) GEICO erroneously misinterprets the statement to mean Plaintiff and Mr. Marano met following the entry of the April 22, 2025 Order. (*See* ECF No. 41 at 4–5.) However, the statement clearly means they met following the entry of the April 16, 2024 Order. (*Compare* ECF No. 15 (dismissing the claims

Pursuant to Rule 60(b)(1), the Court may relieve a party from a final judgment based on a finding of "excusable neglect." Fed. R. Civ. P. 60(b)(1) "[W]hether a party's neglect is excusable is essentially an equitable [determination], in which courts are to take into account all relevant circumstances surrounding a party's failure to file," *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (internal quotation marks omitted), including: "(1) the danger of prejudice to the non-movants, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether the movant acted in good faith." *Liguori v. Allstate Ins. Co.*, Civ. A. No. 14-636, 2015 WL 71384, at *3 (D.N.J. Jan. 6, 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)); *accord George Harms Constr.*, 371 F.3d at 163–64. However, it is well-established "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kanoff v. Better Life Renting Corp.*, 350 F. App'x 655, 657 (3d Cir. 2009) (quoting *Pioneer Inv. Servs*, 507 U.S. at 392).

In determining whether a party's neglect is excusable, "the proper focus is upon whether the neglect of [*the party*] *and their counsel* was excusable." *Pioneer Inv. Servs.*, 507 U.S. at 397. As the Supreme Court has expressed,

> [t]here is certainly no merit to the contention that dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. [The party] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

---

against American Bankers based on U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(O), *with* ECF No. 34-2 ¶ 4 (declining to amend the Complaint based on the Federal Statute relied on).)

16

*Sokol v. Wells Fargo Bank, N.A.*, Civ. A. No. 21-16758, 2023 WL 7002563, at *7 (D.N.J. Oct. 24, 2023), *aff'd*, Civ. A. No. 23-3141, 2024 WL 3579602 (3d Cir. July 30, 2024) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)). Under such circumstances, the appropriate recourse is not relief under Rule 60(b) but rather "a negligence action against counsel." *Id.* (quoting *Carcello v. TJX Cos., Inc.*, 192 F.R.D. 61, 65 (D. Conn. 2000)). Accordingly, "excusable neglect" is limited to circumstances in which both *the party and their counsel* have "exhibited substantial diligence, professional competence and ha[ve] acted in good faith to conform [their] conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved." *Id.*

Under the first and second factors, the Court finds granting the Motion to Vacate the April 22, 2025 Order will result in prejudice to GEICO, which is exacerbated by the length of the delay. Although the Court acknowledges the prejudice may not be substantial, it is well-established any undue delay by a party in pursuing a matter inherently results in some prejudice to the other parties involved. *See Sokol*, 2023 WL 7002563, at *3–4 ("While the Court acknowledges that the prejudice to [the] [d]efendant may be little, it is not, as [the] [p]laintiff suggests, non-existent."); *see also Hood v. Smith's Transfer Corp.*, No. 98-5917, 1999 WL 685920, at *11 (6th Cir. Aug. 26, 1999) (finding "[t]he sheer passage of time is inherently prejudicial"). The passage of time naturally risks relevant evidence will be lost, which is compounded by the length of time from the date of the injury and the length of the delay. *See Re Kean v. Playsets*, Civ. A. No. 19-6583, 2021 WL 71592, at *2 (D.N.J. Jan. 8, 2021) ("In particular, the potential for lost evidence, unclear memories, and witness unavailability is compounded by the fact . . . the injury at issue occurred eight years ago."); *Bunzl Pulp & Paper Sale v. Golder*, No. 90-4303, 1995 WL 89026, at *4 (E.D. Pa. Mar. 1, 1995) ("The length of time that has elapsed since the initiation of the underlying suit

17

creates some prejudice, as the passage of time destroys evidence."). As it has been more than four years since the date of the injury and more than two years since the inception of this matter without discovery (*see* ECF No. 27 at 1), GEICO "faces the potential loss of evidence, fading memories, and witnesses becoming unreachable or unavailable for trial." *Sokol*, 2023 WL 7002563, at *4. In contrast, "[h]ad the litigation proceeded according to schedule, the parties would have fully exchanged discovery, and the discovery end date would have come and gone [nearly] a year ago." *Id.* at *3.

Under the third and fourth factors, the Court finds there is no good faith basis for the delay. Notably, Mr. Marano does not claim he did not receive notice of the September 11, 2024 Scheduling Order or the January 2, 2025 Order to Show Cause. (*See generally* ECF No. 34-2). *But see Sokol*, 2023 WL 7002563, at *6 (rejecting explanation counsel did not have access to email address or the ECF system); *accord Keeling v. Smith & Nephew, Inc.*, Civ. A. No. 19-8189, 2020 WL 13835895, at *4 (D.N.J. Apr. 1, 2020). Rather, Mr. Marano's sole explanation for his dilatory behavior was his various health challenges. (*See* ECF No. 34-2 ¶ 5.) However, the record suggests Mr. Marano's health conditions existed prior to his representation of Malik. (*See id.* ¶ 5 (stating he has dealt with a number of his medical problems "[f]or the past three years").) If his conditions worsened to the point that his health impaired his ability to represent Malik, Mr. Marano was required to communicate his difficulties to Malik or the Court promptly. *See Re Kean*, 2021 WL 71592, at *3 (noting the courts have declined "to find excusable neglect where counsel failed to notify defendants or the court of his illness" (citing *Lucio v. N.Y. City Dep't of Educ. & Marie Douyon*, Civ. A. No. 12-247, 2013 WL 12084546, at *3 (S.D.N.Y. May 16, 2013))); *see also* Model Rule of Professional Conduct 1.16 ("[W]here representation has commenced, [a lawyer] *shall* withdraw from the representation of a client if . . . [t]he lawyer's physical or mental condition

18

materially impairs the lawyer's ability to represent the client . . . ." (emphasis added)). Although the Court is sympathetic to Mr. Marano's health challenges, which "were presumably out of [Malik's] control, they do not justify relief under Rule 60(b)." *Re Kean*, 2021 WL 71592, at *3; *see, e.g.*, *Advanced Fluid Sys., Inc. v. Huber*, 381 F. Supp. 3d 362, 377–78 (M.D. Pa. 2019) ("[V]arious personal, familial, and financial issues which converged . . . to cause [an attorney] to miss the filing deadline. . . . simply did not exhibit 'neglect' in the accepted sense of the word . . . ."); *Lucio*, 2013 WL 12084546, at *3 ("[C]ounsel's health alone cannot establish an extraordinary circumstance. His health concerns existed before he filed [the] [p]laintiff's Complaint[,] . . . yet he still decided to continue as [the] [p]laintiff's attorney."); *Spinelli v. Sec'y of Dep't of Interior*, Civ. A. No. 99-8163, 2006 WL 2990482, at *4 (E.D.N.Y. Oct. 19, 2006) ("The Court is very sympathetic to counsel's [cancer, related surgery, treatment, and subsequent illnesses] and its effect on her ability to handle her caseload, including any potential continuing effects. . . . [H]owever, the Court cannot find that counsel's prior illness is sufficient to qualify as an 'extraordinary circumstance' under Rule 60(b)[]."); *Carcello*, 192 F.R.D. at 64 ("[I]llness alone is not a sufficient basis for setting aside a judgment under Rule 60(b)(1)"); *see also Lapico v. Portfolio Recovery Assocs., LLC*, Civ. A. No. 06-1733, 2008 WL 1702187, at *2 (D. Conn. Apr. 11, 2008) ("[T]he Rules of Professional Conduct address how an attorney's illness should be treated vis-a-vis his clients and cases.").

Based on the foregoing, Malik's Motion to Vacate the April 22, 2025 Order dismissing the Complaint as to GEICO based on excusable neglect under Rule 60(b)(1) is **DENIED**.

**IV.	CONCLUSION**

For the reasons set forth above, Malik's Motion to Vacate (ECF No. 34) is **DENIED**. An appropriate order follows.


**Date: January 21, 2026**              */s/ Brian R. Martinotti*
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**